**In re George R. DUNN, Debtor.**

**GENERAL ELECTRIC CREDIT CORPORATION, Plaintiff,**

v.

**George R. DUNN, Defendant.**

**Bankruptcy Nos. 84–20003 and 84–2053A.**

United States Bankruptcy Court, W.D. New York.

July 2, 1985.

---

Gross, Shuman, Silver, Laub & Gilfillan, P.C. by William E. Storrs, Buffalo, N.Y., for plaintiff.

Steven J. Seidman, Rochester, N.Y., for defendant.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

The debtor in the above entitled matter filed a petition in bankruptcy on January 3, 1984. The plaintiff, General Electric Credit Corporation, hereinafter referred to as GECC, has filed an objection to his discharge based upon conversion. The debtor is claiming that the statute of limitations ran on the debt prior to the filing in bankruptcy. GECC says there is no statute of limitations on objections to discharge.

The facts are as follows. On November 9, 1977, Mr. Dunn entered into a contract to secure financing for two 1977 Butler Tank Trucks. At that time, he was the sole owner of Upstate Tanks. GECC issued to Upstate Tanks a check for $45,000 to pay for the two truck tankers. The Certificates of Title to the tankers were issued in the name of Upstate Tanks on June 26, 1978. No explanation was made in the delay in providing the Certificates of Title. On January 17, 1979, Certificates of Title were issued in the name of George Dunn and on February 26, 1979, Certificates of Title were issued in the name of George Dunn showing the lien of GECC.

It appears from the testimony at the trial, that the tankers were defective and were returned to Butler. Credit was issued by Butler to Upstate Tanks, Inc. on August 31, 1978 for $45,134.00. This is shown by Defendant's Exhibit B.

As previously stated, Mr. Dunn filed his petition in bankruptcy on January 3, 1984. In 1983, GECC had commenced a contract action against Dunn with regard to the two vehicles. This lawsuit was never settled. The first time a tort action was brought against Dunn, was the objection to discharge based on conversion, which was filed on May 10, 1984. This suit objected to the discharge of the debt because the Defendant had converted the trucks.

The objection to discharge for conversion is covered by 11 U.S.C. § 523(a)(6) which deals with a willful and malicious tort. It is plaintiff's position that the only statute of limitation expressed in 11 U.S.C. § 523 is that the action must be begun within the 60 day period granted for objecting to discharge. The plaintiff claims they have done this.

11 U.S.C. § 523(a) reads as follows:

"A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any *debt* —" (emphasis added)

Debt is described in 11 U.S.C. § 101(11) as a liability on a *claim* (emphasis added). Claim is defined under 11 U.S.C. § 101(4) as a *right to payment* or right to an equitable remedy for breach of performance (emphasis added).

Then, 11 U.S.C. § 502 reads as follows:
(a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.
(b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
(1) such claim is *unenforceable* against the debtor and property of the debtor, under any agreement or *appli-*

*cable law* for a reason other than because such claim is contingent or unmatured; ... (emphasis added)

The legislative history covering 11 U.S.C. § 502(b)(1) "requires disallowance if the claim is unenforceable against the debtor for *any* reason such as usury, unconscionability, or failure of consideration other than because it is contingent or unmatured" (emphasis added). H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 352 (1977); *See* S.Rep. No. 95–989, 95th Cong., 2nd Sess. 62 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5848, 6308. While this history does not directly cite statutes of limitation it does refer to other reasons for making a claim unenforceable that are usually considered as affirmative defenses raised in state actions. Since a state statute of limitation is similar in effect to the defenses of usury, unconscionability, or failure of consideration, they should be incorporated in the terminology *"any* reason", and it would appear that defense of the statute of limitation having run would cause a claim to be unenforceable and disallowed (emphasis added). Ergo, examination of a state statute of limitation is necessary when determining whether a debt is enforceable for the purpose of objecting to its dischargeability.

In the case at bar, ignoring the problem of piercing the corporate veil, which issue was not argued, the New York State statute of limitations on conversion in New York State is three years. N.Y.Civ. Prac.Law § 214 (consol. 1978). The conversion occurred on August 31, 1978. This is the date on which Upstate Tanks not Dunn received the refund for the trucks. The conversion action objecting to discharge was commenced on May 10, 1984, some six years after the event and is beyond the statute of limitations. Therefore, Dunn's obligation, if any, to GECC is not a "claim" or "debt" to which an objection to discharge may be made under 11 U.S.C. § 523 since such a claim is not enforceable and not in need of discharge. Therefore, the objection to discharge is not sustained.

The Bankruptcy Court for the Northern District of New York reached a similar result through different logic in *In re Grosso,* 9 B.R. 815 (Bankr.N.D.N.Y.1981).

The application to deny the discharge of the debtor for conversion is denied on the grounds set forth above and it is so ordered.